the rent paid for the truck. A factual situation very similar to that of the instant case appears in Bowser v. State Industrial Accident Comm., 182 Or. 42, 185 P.2d 891, wherein the relation of employer and employee was held to exist. The overall picture presented by the facts of this case compels the conclusion that the truck owners and drivers were employees, not independent contractors.

Judgments affirmed.

------◆------

Joseph Donnelly pro se.

Sam M. Wear, U. S. Atty., Kansas City, Mo., and John F. Carr, Asst. U. S. Atty., Springfield, Mo., submitted brief for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

## DONNELLY v. STEELE.

### No. 14088.

United States Court of Appeals Eighth Circuit.

March 30, 1950.

PER CURIAM.

Joseph Donnelly, on October 20, 1949, filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri. His petition was dismissed, and he has appealed.

On February 14, 1949, in the United States District Court for the Western District of Oklahoma, Donnelly entered a plea of guilty to an indictment charging him with having murdered "Ernest M. Harkins, an officer of the Post Office Department of the United States Government while engaged in the performance of his official duties." Donnelly was sentenced to life imprisonment. The widow of Ernest M. Harkins sued Donnelly in a state court of Oklahoma for her husband's wrongful death, and recovered a judgment for $50,000, which was entered on February 25, 1949. By garnishment proceedings, she obtained $1,349.27 belonging to Donnelly to apply upon the judgment.

Donnelly asserted in the District Court, and asserts here, that, because of the criminal proceeding brought by the Government and the civil proceeding brought by the widow of the man he killed, he has twice been placed in jeopardy for the same offense, has suffered a wrongful forfeiture of estate, and has been denied due process of law.

There are two reasons why the District Court for the Western District of Missouri did not err in dismissing Donnelly's petition for a writ of habeas corpus. The first is that the enforcement of his civil liability for damages for the killing of Harkins had no effect whatever upon his (Donnelly's) liability to punishment for the crime which he committed. United States ex rel. Marcus v. Hess, 317 U.S. 537, 549, 63 S.Ct. 379, 87 L.Ed. 443. The second reason is that the District Court could not have entertained his petition, because of the following provision of § 2255, new Title 28 U.S.C.A.: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

The order appealed from is affirmed.

## TAYLOR v. UNITED STATES.

### No. 12453.

United States Court of Appeals
Ninth Circuit.

March 24, 1950.

Further Rehearing Denied May 23, 1950.

Earl W. Taylor, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., Robert B. McMillan, Asst. U. S. Atty., Walter M. Campbell, J., Atty., Office of Chief Counsel, Bureau of Internal Revenue, San Francisco, Cal., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

PER CURIAM.

This appeal is from the district court's order denying appellant's motion to correct and reduce his claimed illegal sentence. Appellee has filed a motion to dismiss the appeal on the ground that the issues presented have heretofore been adjudicated by this court. It appears that the only genuine issue raised on this appeal concerns the sufficiency of the indictment under which appellant was convicted and sentenced upon his plea of guilty. In Taylor v. Squier, 9 Cir., 179 F.2d 640 (rehearing denied February 9, 1950), we held that the indictment sufficiently charged a violation of 26 U.S. C.A. § 145(b).

Appellant contends that this appeal raises other and new issues which were not presented on his former appeals. Taylor here presents lengthy arguments which are a mere repetition of arguments made on previous appeals. They are entirely devoid of merit. They are neither "new" nor do they present justiciable issues.

Appellee's motion to dismiss the appeal is granted.

Appeal dismissed.